UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-181-FDW

| | |
|---|---|
| CHARLES WILLINGHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| RN MS. CLINE, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Court's initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915.

**I.    BACKGROUND**

Plaintiff filed this action on June 25, 2013, pursuant to 42 U.S.C. § 1983, naming as Defendants "RN Ms. Cline, Medical RN Buncombe Correctional Ctr. 4675," "D. Watkins, Supt.," "A. Wilder, Asst.," "David Mitchell, Lenoir NC Regional Offices," and "Programs Staff." (Doc. No. 1). When Plaintiff filed the Complaint, he was incarcerated at the Buncombe Correctional Center ("Correctional Center"), in Asheville, North Carolina. As the Court discusses below, Plaintiff appears to be complaining about the Correctional Center's treatment of his diabetes, but his allegations are mostly unintelligible. On the same date he filed the Complaint, Plaintiff also filed an application to proceed in forma pauperis ("IFP"), in which he asserts, under penalty of perjury, that within the past twelve months he has received $96 million from his employment, that he has $64 trillion in a Swiss bank account, and that he has "over 16.3

1

billion dollars [in] United States money."[1]  (Doc. No. 2 at 2).  The paragraph above the signature line on Plaintiff's IFP application states, in pertinent part:  "I declare under penalty of perjury that all of the foregoing is complete, true, and correct."  (Id.).

   **II.   STANDARD OF REVIEW**

Federal courts may allow a litigant to prosecute a civil action without paying the usual required fees if the individual submits an affidavit containing a statement of his assets and demonstrating that he cannot afford to pay the required fees.  28 U.S.C. § 1915(a)(1).  The IFP statute is intended to ensure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation.  Flint v. Haynes, 651 F.2d 970, 972 (4th Cir. 1981).  An impoverished plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the statute."  Adkins v. E.I. Du Pont de Nemours & Co., 335 U .S. 331, 339 (1948).  Rather, an affidavit to proceed IFP is sufficient if it states that one cannot, because of his poverty, afford to pay for costs of litigation and still provide for the necessities of life.  Id.

However, if a court determines at any time that the allegation of poverty made in an IFP application is "untrue," then the court "<u>shall</u> dismiss the case."  28 U.S.C. § 1915(e)(2)(A) (emphasis added).  See Justice v. Granville Cnty. Bd. of Educ., Nos. 5:10-cv-539B-R, 5:11-cv-99-BR, 5:11-cv-400-BR, 5:11-cv-706-BR, 2012 WL 1801949, at *4 (E.D.N.C. May 17, 2012); Staten v. Tekelec, Nos. 5:09-cv-434-FL, 5:10-CV-180-FL, 2011 WL 2358221, at *1 (E.D.N.C. June 9, 2011); Berry v. Locke, No. 1:08cv697 (JCC), 2009 WL 1587315, at *5 (E.D. Va. June 5,

---

[1] On July 2, 2013, this Court ordered the Correctional Center to provide Plaintiff's inmate trust account statement to the Court, but the Correctional Center has not provided the account as of the date of this Order.  Entering another order requiring the Correctional Center to provide the trust account would be a useless endeavor because this action is subject to dismissal for failure to prosecute, as frivolous, and because Plaintiff has made false statements in his IFP application.

2

2009), appeal dismissed, 357 F. App'x 513 (4th Cir. 2009) (unpublished).

## III. DISCUSSION

Plaintiff's assertions regarding his income and assets are simply not credible. Given that Plaintiff has made such blatantly false statements in his IFP application, the Court will dismiss this action. As to whether the dismissal is with or without prejudice, courts have stated that dismissal with prejudice is appropriate "only when the applicant intentionally misrepresented his or her financial condition, acted in bad faith, and/or engaged in manipulative tactics or litigiousness." Justice v. Granville Cnty. Bd. of Educ., 2012 WL 1801949, at *4 (E.D.N.C. May 17, 2012). Here, given the ludicrous financial amounts that Plaintiff has asserted in his IFP application, Plaintiff's allegations regarding his income were clearly made in bad faith. Thus, the Court will dismiss this action with prejudice.

The Court further finds that dismissal with prejudice is appropriate for two additional reasons. First, the current listed address for Plaintiff is the Buncombe Correctional Center at 2995 Riverside Drive, Asheville, North Carolina. On August 30, 2013, the Correctional Center returned as undeliverable mail from this Court because Plaintiff is no longer at the Correctional Center. (Doc. No. 4). Plaintiffs have a general duty to prosecute their cases. In this regard, a pro se plaintiff must keep the Court apprised of his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes a failure to prosecute.

Rule 41(B) of the Federal Rules of Civil Procedure allows the district court to dismiss an action "[f]or failure of the plaintiff to prosecute." FED. R. CIV. P. 41(B). Before dismissing a case for failure to prosecute, a district court must consider the following factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant;

(3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990). Here, considering the four factors above, the Court finds that dismissal for failure to prosecute is appropriate.

Next, the Complaint is also subject to dismissal because it is frivolous. Plaintiff's allegations are mostly illegible and nonsensical. Plaintiff appears to be complaining about medications that he was either given or not given for his diabetes, but his allegations are fragments of phrases and are devoid of any intelligible sentences. Moreover, to the extent that Plaintiff seeks injunctive relief, that claim for relief is moot because he is no longer at the Correctional Center. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

Finally, the Court notes that Plaintiff filed a previous lawsuit in this Court on November 28, 2012, naming as the sole defendant "Buncombe County Correctional Center," in which he also complained about the medical staff at the Correctional Center and their alleged failure to treat him properly for his diabetes. (Civil No. 1:12cv383, Doc. No. 1). In this action, Plaintiff appears to be complaining about the same alleged conduct by Defendants that he complained about in his previous action with regard to the treatment of his diabetes at the Correctional Center. This Court dismissed the previous action with prejudice on January 15, 2013. In the Court's order dismissing Plaintiff's action, the Court noted that Plaintiff did not allege any facts showing how he was personally injured by the Correctional Center's policy violations and/or violations of federal law.[2] The Court went on to dismiss the action with prejudice because, as in this case, Plaintiff made false statements in his IFP application. (Id., Doc. No. 3 at 1-2). In its

---

[2] The Court also noted that the Buncombe County Detention Center was not a legal entity capable of being sued.

Order, the Court warned Plaintiff that if he continued to make false statements to the Court, the Court would not hesitate to refer this matter to the United States Attorney for the Western District of North Carolina for a determination of whether criminal prosecution of Plaintiff for perjury is appropriate. Since this is the second action filed by Plaintiff in which he has made false statements under penalty of perjury, the Court will direct the Clerk to refer this matter to the United States Attorney for a determination of whether Plaintiff should be prosecuted for perjury.

**IV. CONCLUSION**

In sum, for the reasons stated herein, the Court will dismiss this action with prejudice because Plaintiff made false statements in his IFP application, for failure to prosecute, and because Plaintiff's allegations are frivolous.

**IT IS, THEREFORE, ORDERED that:**

1. This action is dismissed with prejudice.//

2. Plaintiff's IFP application is denied.

3. The Clerk is directed to terminate the case. Furthermore, the Clerk is directed to mail this Order to the United States Attorney for the Western District of North Carolina.

Signed: September 5, 2013

Frank D. Whitney
Chief United States District Judge